IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

| | | |
|---|---|---|
| **RONNIE WATSON BURTON,** | ) | |
| | ) | |
|     **Movant,** | ) | |
| | ) | |
| v. | ) | **Civil Action No. 1:06-0018** |
| | ) | **(Criminal No. 1:04-0175)** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
|     **Respondent.** | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending is Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. (Document No. 56.)[1] Movant alleges (1) ineffective assistance of counsel, and (2) defective indictment. In claiming ineffective assistance of counsel, Movant states as follows:

    Counsel failed to file notice of appeal timely, failed to preserve Petitioner's due

---

[1] Movant was charged in a Two-Count Indictment filed on September 14, 2004, with possessing fifty grams or more of methamphetamine on or about August 22, 2004, in violation of 21 U.S.C. § 841(a)(1) (Count One) and possessing a firearm during and in relation to a drug trafficking crime on or about that same day in violation of 18 U.S.C. § 924(c)(1)(A). *United States v. Burton*, Criminal No. 1:04-0175, Document No. 15. Movant entered a plea of guilty to the charges contained in Count One of the Indictment on November 2, 2004. *Id.*, Document Nos. 24 - 26, 28. The District Court sentenced Movant on April 18, 2005, to a 57 month term of incarceration and a five year term of supervised release and imposed the $100 special assessment. *Id.*, Document Nos. 37 and 45. Movant did not file a Notice of Appeal within ten day after his sentencing. Rather, the Court's Docket Sheet in Criminal No. 1:04-0175 indicates that Movant filed a Notice of Appeal on January 6, 2006, about 8½ months after he was sentenced. Movant also filed a Motion for Appointment of Counsel and Affidavit in support of the Motion. *Id.*, Document Nos. 51 and 53. Movant also filed his Section 2255 Motion initiating this matter on that same day. *Id.*, Document No. 56. The undersigned notes that though the District Court clearly advised Movant at his sentencing hearing of the requirement that he file a Notice of Appeal within ten days after his sentencing, *Id.*, Document No. 72, Transcript of Sentencing Hearing, p. 38, Movant does not explain why he failed to do so. Because Movant's appeal was untimely, the Fourth Circuit Court of Appeals dismissed it for lack of jurisdiction. *Id.*, Document No. 75.

process rights, failed to object to enhanced sentence where petitioner was sentenced to a greater term of imprisonment. Counsel failed to preserve petitioner's constitutional rights and to preserve the plain error at sentencing. Counsel also failed to object to the prejudicial evidence used against petitioner that enhanced his sentence in violation of Apprendi, Blakely and Booker.

In contending that the Indictment was defective, Petitioner states that the "Indictment failed to meet the requirements of jurisdiction." Movant has further moved to amend his Section 2255 Motion. (Document No. 65.) Movant alleges in his Amended Motion as follows:

> **Ground one**: Ineffective Assistance of Counsel.
>
>> **Supporting FACTS**: Counsel (1) failed to contest the legality of warrantless search of vehicle, officer lacked probable cause to search briefcase, contents were for defendant's personal use; (2) failed to file motion to suppress illegal seized evidence; (3) failed to contest the legality of indictment or charging instrument; (4) failed to file direct appeal; (5) failed to proceed to trial as requested by defendant; (6) failed to object to enhanced penalty for firearm, firearm count was dismissed in exchange for guilty plea, defendant was charged alone, where lies the conspiracy for the gun enhancement. See Apprendi v. New Jersey, 147 L.Ed.2d 435.
>
> **Ground two**: Rule 11 Violations.
>
>> **Supporting FACTS**: (1) Court failed to establish on the record a legal and factual basis for guilty plea. Defendant received maximum penalty for both counts. (2) Court violated terms of plea agreement by enhancing defendant's sentence for possession of firearm. Firearm charge was to be dismissed in exchange for guilty plea. The plea is VOID. Prosecutor violated terms of plea by allowing Court to enhance defendant's sentence for firearm. Prosecutor was to expunge the firearm count in exchange for the plea. The plea is void.
>
> **Ground three**: Jurisdiction.
>
>> **Supporting FACTS**: Court exceeded its jurisdiction by enhancing defendant's sentence.

(Id., pp. 5 - 8.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 57.) By Order filed on November 19, 2008 (Document No. 78.), the undersigned has required that the United States to file an Answer

addressing Movant's allegation that his trial attorney failed to initiate an appeal of his conviction and sentence and therefore was ineffective in representing him. The undersigned will address Movant's further allegations in this Proposed Findings and Recommendation.

## **DISCUSSION**

The relevant portion of Section 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

In order to be cognizable under Section 2255, claims based on other than constitutional or jurisdictional grounds must present exceptional circumstances that justify permitting a collateral attack. Stated another way, the alleged error must amount to "a fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962). Section 2255 is not a substitute for direct appeal. United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Accordingly, errors warranting a reversal on direct appeal will not necessarily support a collateral attack. Knight v. United States, 37 F.3d 769, 772 (1st Cir.1994). See United States v. Addonizio, 442 U.S. 178, 184, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979). Failure to raise an issue presented in sentencing on direct appeal which is non-constitutional in nature amounts to a waiver of the right to contest the issue in Section 2255 proceedings. See United States v. Emanuel, 869 F.2d 795 (4th Cir. 1989).

With respect to issues which are constitutional in nature, absent a showing of good cause for and prejudice from failing to appeal as may be shown by a defendant in criminal proceedings, Section 2255 is no substitute, and the failure precludes Section 2255 review. Theodorou v. United

States, 887 F.2d 1336, 1339-40 (7th Cir. 1989)("[A]bsent a showing of cause and prejudice, a defendant is barred from raising any constitutional challenge in a section 2255 proceeding which could have been raised on direct appeal."); United States v. Essig, 10 F.3d 968, 979 (3d Cir. 1993); See also United States v. Maybeck, 23 F.3d 888, 891 (4th Cir. 1994), cert. denied, 517 U.S. 1161, 116 S.Ct. 1555, 134 L.Ed.2d 657 (1996). The standard is conjunctive. As a general matter, therefore, movants must show good cause for and prejudice from their failure to raise any constitutional issues advanced under Section 2255 on direct appeal. See Theodorou, supra, 887 F.2d at 1340. Constitutional claims of ineffective assistance of counsel are the exception. They are more properly raised in Section 2255 proceedings and not on direct appeal. United States v. Richardson, 195 F.3d 192 (4th Cir. 1999), cert. denied, 528 U.S. 1096, 120 S. Ct. 837, 145 L.Ed.2d 704 (2000).

### A. Movant's Claims of Ineffective Assistance of Counsel.

Indigent criminal defendants have the constitutional right to effective assistance of counsel through a direct appeal. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) When a movant claims ineffective assistance of counsel as a basis for seeking relief under § 2255, the burden is on the movant to prove that his trial attorney failed to render effective assistance. Strickland v. Washington, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984). In Strickland, the Court adopted a two-pronged test for determining whether a defendant received adequate assistance of counsel. Id. The first prong is competence. The movant must show that the representation fell below an objective standard of reasonableness. Strickland, 466 U.S. at 687 - 691, 104 S.Ct. at 2064 - 2066. There is a strong presumption that the conduct of counsel was in the wide range of what is considered reasonable professional assistance, and a reviewing Court must be highly deferential in scrutinizing the performance of counsel. Strickland, 466 U.S. at 688-89, 104 S.Ct. at 2065 - 2066.

A convicted defendant making a claim of ineffective assistance must identify the acts

>or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. . .. [C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

Strickland, 460 U.S. at 690, 104 S.Ct. at 2066. The Court will not second-guess an attorney's tactical decisions unless they appear unreasonable in view of all of the circumstances. Goodson v. United States, 564 F.2d 1071, 1072 (4th Cir. 1977). The second prong is prejudice. The movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S.Ct. at 2068; Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). An attorney's mere mistake, ignorance or inadvertence does not suffice for proof of ineffective assistance. Murray v. Carrier, 477 U.S. 478, 106 S. Ct. 2639, 2645-46, 91 L.Ed.2d 397 (1986)("So long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in Strickland v. Washington, . . . we discern no inequity in requiring him to bear the risk of attorney error that results in a procedural default.") The movant must therefore show (1) that his attorney's performance was constitutionally inadequate, i.e., that he committed errors so serious that his performance "fell below an objective standard of reasonableness" and (2) that his attorney's performance prejudiced him such that it rendered the proceeding fundamentally unfair or made the result unreliable. Strickland, 466 U.S. at 687 - 88, 104 S.Ct. at 2064 - 2065; Fitzgerald v. Thompson, 943 F.2d. 463 (4th Cir. 1991), cert. denied, 502 U.S. 1112, 112 S. Ct. 1219, 117 L.Ed.2d 456 (1992).

    **1.**     **Movant's Claims that his Trial Attorney Failed to Challenge the Indictment, to Move to Suppress Evidence Obtained in a Warrantless Search of his Vehicle, to Object to Prejudicial Evidence and to go to**

5

**Trial.**

First, whether to challenge the Indictment, move to suppress or otherwise object to the introduction of evidence or plead guilty or go to trial are tactical or strategic considerations. An attorney's advice in these regards is presumed to be adequate unless it appears objectively unreasonable. See Morris v. United States, 2008 WL 4763223 (S.D.W.Va.)(Chief Judge Goodwin). Having thoroughly examined the entire record in United States v. Burton, Criminal No. 1:04-0175, the undersigned finds no indication that Movant's trial attorney's advice and decisions were unreasonable. The District Court clearly had jurisdiction to prosecute Movant. 18 U.S.C. § 3231 confers subject matter jurisdiction over federal prosecutions upon the District Courts providing that "[t]he district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." See United States v. Hartwell, 448 F.3d 707, 716 (4th Cir. 2006), quoting Hugi v. United States, 164 F.3d 378, 380 (7th Cir. 1999)("Subject-matter jurisdiction in every federal criminal prosecution comes from 18 U.S.C. § 3231, and there can be no doubt that Article III permits Congress to assign federal criminal prosecutions to federal courts. That's the beginning and the end of the 'jurisdictional' inquiry.") Movant was properly charged by Indictment with violating 21 U.S.C. § 841(a)(1) and convicted. The Indictment is constitutionally sufficient[2] and meets the requirements of Federal Rule of Criminal Procedure 7(c)(1)(An indictment "shall be a plain, concise and definite written statement of the

---

[2] "To meet the demands of the Fifth and Sixth Amendments, an indictment must (1) contain the elements of the charged offense and fairly inform a defendant of the charges against him, and (2) enable him to plead double jeopardy in defense of future prosecutions for the same offense." *United States v. Sutton*, 961 F.2d 476, 479 (4th Cir. 1992), *cert. denied*, 506 U.S. 858, 113 S.Ct. 171, 121 L.Ed.2d 118 (1992).

essential facts constituting the offense charged.")[3] Finally, a law enforcement officer found the methamphetamine and the firearm which were the basis for Counts One and Two of Movant's Indictment during a traffic stop. Considering the description of the traffic stop as it is contained in the Presentence Investigation Report, the undersigned finds no indication of a violation of Movant's Fourth Amendment rights. It appears that objecting and moving to suppress would not have been fruitful; indeed, it would have been frivolous in challenging the District Court's jurisdiction and the sufficiency of the Indictment. Movant's trial attorney cannot be said to have been ineffective under the Strickland standard in representing Movant in these regards. Second, Movant pled guilty to the charges contained in Count One of the Indictment. Generally, a guilty plea acts as a complete admission of the material elements of the crime which is charged and therefore constitutes an admission of factual guilt. It amounts to the waiver of the right to assert any constitutional or other non-jurisdictional issues which might appear prior to the admission of guilt. A guilty plea must be "a voluntary and intelligent choice among the alternative courses of action open to the defendant." North Carolina v. Alford, 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed. 2d 162 (1970). The United States Supreme Court held in Mabry v. Johnson, 467 U.S. 504, 508, 104 S.Ct. 2543, 2546 - 47, 81 L.Ed.2d 437 (1984), "It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." Once a defendant pleads guilty, he cannot raise independent claims of deprivation of constitutional rights which occurred prior to the entry of the guilty plea including claims of unlawful search and seizure based on the Fourth Amendment. Tollet v. Henderson, 411 U.S. 258, 266 - 67, 93 S.Ct.

---

[3] On this same basis, Movant's contention that the District Court lacked jurisdiction to prosecute him in view of the charges contained in the Indictment standing alone and independently from his ineffective assistance of counsel claim clearly has no merit.

1602, 1607 - 08, 36 L.Ed.2d 235 (1973). Once a criminal defendant has pled guilty, collateral review is limited to an examination of "whether the underlying plea was both counseled and voluntary." United States v. Broce, 488 U.S. 563, 569, 109 S. Ct. 757, 102 L.Ed.2d 927 (1989); see also Fields v. Attorney General of State of Md., 956 F.2d 1290, 1294 - 95 (4th Cir. 1992). A guilty plea will be deemed involuntary if it is entered without knowledge of material information withheld by the prosecution. See for example Sanchez v. United States, 50 F.3d 1448, 1453 (9th Cir. 1995)(A defendant challenging the voluntariness of a guilty plea may assert a claim under Brady that the prosecution withheld evidence favorable to the defendant and material to guilt or punishment when defendant requested it.).

The record in this case reflects that Movant's guilty plea was voluntary and made with full knowledge of its consequences. The written plea agreement spelled out the maximum sentence to which Movant was subject by virtue of his plea. (United States v. Burton, Criminal No. 1:04-0175, Document No. 26.) The written plea agreement provided at ¶ 9 that "[t]he matter of sentencing is within the sole discretion of the Court. The United States has made no representations or promises, and will make no recommendation, as to a specific sentence." At Movant's November 2, 2004, plea hearing, the District Court informed Movant of the maximum sentence to which he was subject, elicited Movant's statement that he knew that his sentence was in the Court's discretion and found that Movant's plea was voluntary.[4] Id., Document No. 71, Transcript of Plea Hearing, p. 26. Nothing

---

[4] The District Court wrote in its November 3, 2004, Order covering the plea hearing that "[t]he defendant stated that he understood that the matter of sentencing remains entirely within the discretion of the court based upon what the presentence investigation revealed and that he will be bound by his plea and will have no right to withdraw that plea if the sentence imposed was more severe than he expected. * * * The court further found that the defendant tendered his plea of guilty voluntarily and with a full understanding and awareness of the constitutional and other rights which he gives up by pleading guilty, and with an awareness of what the United States would have to prove against him if the case went to trial. The court further found that the defendant had an appreciation

8

in the record indicates that Movant's trial attorney misinformed Movant in any respect pertaining to his plea of guilty or potential sentence such that Movant was induced or misled on the basis of false information in pleading guilty. Movant's guilty plea therefore constitutes a waiver of his right to contend that his trial attorney's representation was constitutionally deficient with respect to matters constitutional and other non-jurisdictional matters which might have been raised prior to his entry of his guilty plea. His claims in these regards herein therefore have no merit.

### 2. Movant's Claims that his Trial Attorney Failed to Object in his Sentencing to the Firearm Enhancement and to the Introduction of Evidence which Enhanced his Sentence in violation of Apprendi, Blakely and Booker.

These claims obviously have no merit as well. First, Movant's trial attorney stated an objection to the firearm enhancement as it was recommended by the Office of Probation in the Presentence Investigation Report. See United States v. Burton, Criminal No. 1:04-0175, Document No. 40 (Addendum to Presentence Investigation Report, Objection No. 1), p. 22. Movant's trial attorney further persisted with the objection at Movant's sentencing hearing and introduced the testimony of a person indicating that the firearm belonged to him, not Movant, and Movant had another reason for having the firearm in his vehicle along with the methamphetamine. See Id., Document No. 72, Sentencing transcript, pp. 7 - 27. Second, the United States Supreme Court's decisions in Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 435 (2000), Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 160 L.Ed.2d 621 (2005), had no bearing upon Movant's sentencing. In Apprendi, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum

---

of the consequences of his plea . . .."(*United States v. Burton*, Criminal No. 1:04-0175, Document No. 28.)

9

must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi, 530 U.S. at 490, 120 S.Ct. at 2362 - 63. In Blakely, the Supreme Court reaffirmed the Court's holding in Apprendi and invalidated Washington's sentencing scheme because it required the judge to impose a sentence based on facts neither admitted by the defendant nor reflected in the jury verdict, in violation of the Sixth Amendment.[5] Blakely, 542 U.S. at 303, 124 S.Ct. at 2537. In Booker, the Supreme Court applied the holding in Blakely to the Federal Sentencing Guidelines, and held: "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, 543 U.S. at 244, 125 S. Ct. at 756.

The sentence authorized by the facts established by Movant's guilty plea was "not . . . less than 10 years or ore than life." 21 U.S.C. § 841(b). By operation of the Guideline safety valve, Movant received a sentence of 57 months in prison, less than half of the ten year mandatory minimum sentence to which he was subject. Thus, Movant's sentence quite clearly did not exceed the maximum penalty authorized in view of his plea of guilty as Movant claims. Second, Movant is not entitled to relief based upon Apprendi and Blakely in these collateral proceedings. San-Miguel v. Dove, 291 F.3d 257 (4th Cir. 2002), cert. denied, 537 U.S. 938, 123 S.Ct. 46, 154 L.Ed.2d 242 (2002), affirming summary dismissal of Section 2241 claims "[b]ecause we find that petitioners cannot raise their Apprendi claims on collateral review regardless of whether their complaints are brought under § 2241 or § 2255 . . .."

### II. Movant's Claims that the District Court Committed Error in Making the Record of the Legal and Factual Basis for Movant's Guilty Plea and in Applying

---

[5] In *Blakely*, the Court defined the phrase "statutory maximum" for *Apprendi* purposes as "the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*." *Blakely*, 542 U.S. at 303, 124 S.Ct. at 2537 (emphasis in original).

**the Firearm Enhancement in Sentencing Movant when Count Two of the Indictment Pertaining to Movant's Possession of the Firearm was to be Dismissed under the Plea Agreement.**

The undersigned finds no error in the record as Movant asserts. During a plea hearing, Rule 11 of the Federal Rules of Criminal Procedure requires the Court to address and inform the defendant in open court as to the following: (1) the nature of the charge; (2) any mandatory minimum sentence and the maximum possible sentence; (3) the applicability of the sentencing guidelines; (4) the Court's obligation to impose a special assessment; (5) the defendant's right to an attorney; (6) defendant's right against self-incrimination; (7) defendant's right to plead not guilty; (8) defendant's right to a jury trial; and (9) defendant's right to testify, present evidence, and compel the attendance of witnesses. Fed. R. Crim. P. 11. "Before entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." Fed. R. Crim. P. 11(2)(3). The Fourth Circuit has recognized that a District Court need not replicate the trial that the parties sought to avoid in order to comply with Rule 11. United States v. Morrow, 914 608, 611 (4th Cir. 1990). The District Court "need only be subjectively satisfied that there is a sufficient factual basis for a conclusion that the defendant committed all of the elements of the offense." United States v. Mitchell, 104 F.3d 649, 652 (4th Cir. 1997). It is clear from a single reading of the record that there was a sufficient legal and factual basis for Movant's guilty plea. United States v. Burton, Criminal No. 1:04-0175, Document Nos. 28 and 71. Title 21 U.S.C. § 841(a)(1) provides that "it shall be unlawful for any person knowingly or intentionally . . . to manufacture, distribute, dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance." During the plea hearing, the Assistant United States Attorney stated the factual basis establishing that the Movant violated Title 21 U.S.C. § 841(a)(1), and Movant admitted this stated factual basis to be true. Id., Document No. 28, p. 3. Thus, a sufficient factual basis existed for a conclusion that Movant committed all of the elements of the offense.

To the extent that Movant is alleging that the District Court violated Rule 11 by failing to notify Movant of the applicable sentencing enhancement, the undersigned finds the claim is without merit. Rule 11(b) only requires the Court to inform the defendant of (1) the maximum possible penalty, and (2) the Court's obligation to calculate the applicable sentencing guideline range. Fed. R. Crim. P. 11(b). The Fourth Circuit has specifically held that Rule 11 "imposes no requirement that the court determine, and inform, the defendant of the applicable sentencing range under the Guidelines before accepting a guilty plea." United States v. DeFusco, 949 F.2d 114, 119 (4th Cir. 1991), cert. denied, 503 U.S. 997, 112 S.Ct. 1703, 118 L.Ed.2d 412 (1992). In conformity with Rule 11, Movant was advised that the term of imprisonment for Possession with Intent to Distribute 50 Grams or More of Methamphetamine in violation of 21 U.S.C. § 841(a)(1) was ten years to life. United States v. Burton, Criminal No. 1:04-0175, Document No. 28, p. 2 - 3.

## PROPOSAL AND RECOMMENDATION

Accordingly, the undersigned hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody as amended (Document Nos. 56 and 65.) to the extent that Movant's Motion is based upon his claims and assertions discussed above.[6]

The parties are notified that this Proposed Findings and Recommendation are hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(a), Federal Rules of Civil Procedure, the parties shall have three days (mailing/service) and then ten

---

[6] Movant's only remaining claim is whether his trial attorney was ineffective in representing him in failing to file a direct appeal of his conviction and sentence as discussed in the undersigned's Order in this matter, Document No. 78.

days (filing of objections), for a total of thirteen days from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served upon the presiding United States District Judge, Judge Faber, and this Magistrate Judge.

The Clerk is requested to deliver a copy of this Proposed Findings and Recommendation to the United States Attorney in this District, Charles T. Miller, and to mail a copy to Movant, who is acting *pro* se, at his current address as the Court has learned it through the Office of Probation[7] – 602 Grouse Ridge Road, Post Office Box 162, Max Meadows, Virginia 24360.

Date: November 21, 2008.

R. Clarke VanDervort
United States Magistrate Judge

---

[7] The Bureau of Prisons' Inmate Locator indicates that Movant was released from custody on October 10, 2008.