# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BLUEFIELD DIVISION

| | |
|---|---|
| **RONNIE WATSON BURTON,** ) | |
| ) | |
| **Movant,** ) | |
| ) | |
| v. ) | **Civil Action No. 1:06-0018** |
| ) | **(Criminal No. 1:04-0175)** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |

**SUPPLEMENTAL PROPOSED FINDINGS AND RECOMMENDATION**

This Supplemental Proposed Findings and Recommendation will address Movant's claim as contained in his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Document No. 56.) that his trial attorney, Michael L. Desautels, formerly an Assistant Federal Public Defender, provided ineffective representation by failing to take a direct appeal of his conviction and sentence.[1]

On November 19, 2008, the undersigned filed an Order requiring the United States to respond to Movant's claim. (Document No. 78.) On November 21, 2008, the undersigned filed Proposed Findings and Recommendation that Movant's Motion be denied insofar as it stated other grounds for relief under Section 2255. (Document No. 79.) On December 4, 2008, the United States filed its Response to Movant's Motion and claim that his trial attorney was ineffective in representing him including the Affidavit of the presiding Federal Public Defender, Mary Lou Newberger. (Document No. 80.) Ms. Newberger states that she examined the file in her office pertaining to Movant's prosecution and found Mr. Desautels' notes indicating that he met with

---

[1] Mr. Desautels is currently Chief Federal Public Defender for the District of Vermont.

Movant two days after his sentencing hearing, and Movant told Mr. Desautels that he did not want to appeal. Ms. Newberger also reports that the file contained a copy of a letter from Mr. Desautels to Movant dated eight days after Movant's sentencing hearing which accompanied a copy of the District Court's Judgment and Commitment Order in which Mr. Desautels stated that he understood from his earlier discussion with Movant that Movant did not wish to appeal. Ms. Newberger further states that pursuant to her office's practice, her office sent Movant a questionnaire about Mr. Desautels' representation. Movant completed the questionnaire and inquired whether the United States would make a substantial assistance motion. He did not inquire whether an appeal was in process. Based upon Ms. Newberger's Affidavit, the United States asserts that Movant "has failed to provide any evidence that he demonstrated to counsel an interest in appealing." Movant has not filed a response to the United States' Response.[2]

## DISCUSSION

Indigent criminal defendants have the constitutional right to effective assistance of counsel through a direct appeal. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) When a movant claims ineffective assistance of counsel as a basis for seeking relief under § 2255, the burden is on the movant to prove that his trial attorney failed to render effective assistance. Strickland v. Washington, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984).

The United States Supreme Court established a framework for analyzing claims of ineffective assistance of counsel in taking criminal cases on appeal in Roe v. Flores-Ortega, 528 U.S. 470, 120 S. Ct. 1029, 145 L.Ed.2d 985 (2000). The Supreme Court stated as follows in Roe v. Flores-Ortega, 528 U.S. at 480, 120 S.Ct. at 1036 (Citation omitted):

---

[2] The undersigned notes from the United States' Certificate of Service that it sent a copy of its Response to Movant at his current address as the Court has learned it.

> [C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. In making this determination, courts must take into account all the information counsel knew or should have known. Although not determinative, a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings. Even in cases when the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights. Only by considering all relevant factors in a given case can a court properly determine whether a rational defendant would have desired an appeal or that the particular defendant sufficiently demonstrated to counsel an interest in an appeal.

The Fourth Circuit stated the Roe v. Flores-Ortega analytical framework as follows in United States v. Witherspoon, 231 F.3d 923, 926 (4th Cir. 2000):

> An attorney who fails to file an appeal after being instructed by his client to do so is per se ineffective. * * * When a client does not specifically instruct counsel to appeal, however, whether counsel has been ineffective by failing to appeal depends upon 'whether counsel in fact consulted with the defendant about an appeal.' * * * in this context 'consult' 'convey[s] a specific meaning – advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes.' * * * If counsel has not consulted with his client, the court must then ask whether the failure to consult itself constitutes deficient performance. * * * The Sixth Amendment requires counsel to consult with the defendant concerning whether to appeal when counsel has reason to believe 'either (1) that a reasonable defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.' * * * Although the Roe Court declined to adopt a per se rule that defense counsel who fails to consult with the defendant concerning an appeal is ineffective, the Court did state, 'We expect that courts evaluating the reasonableness of counsel's performance using the inquiry we have described will find, in the vast majority of cases, that counsel had a duty to consult with the defendant about an appeal.' * * *

Id., citations to Roe v. Flores-Ortega omitted. The Roe v. Flores-Ortega Court stated the following two factual scenarios under which "it would be difficult to say that counsel is 'professionally unreasonable' . . . as a constitutional matter, in not consulting with . . . a defendant regarding an appeal."

3

> [S]uppose that a defendant consults with counsel; counsel advises the defendant that a guilty plea probably will lead to a 2 year sentence; the defendant expresses satisfaction and pleads guilty; the court sentences the defendant to 2 years' imprisonment as expected and informs the defendant of his appeal rights; the defendant does not express any interest in appealing, and counsel concludes that there are no nonfrivolous grounds for appeal. * * * Or . . . suppose a sentencing court's instructions to a defendant about his appeal rights in a particular case are so clear and informative as to substitute for counsel's duty to consult. In some cases, counsel might then reasonably decide that he need not repeat that information.

Roe v. Flores-Ortega, 528 U.S. at 479 - 480, 120 S.Ct. at 1036. *See also* United States v. Poindexter, 492 F.3d 263 (4th Cir 2007).

Movant does not state in any of the documents which he has filed whether or not he specifically instructed his trial attorney to appeal his conviction and sentence after his sentencing hearing. It is evident, however, from Ms. Newberger's Affidavit that Mr. Desautels consulted with Movant about appealing his sentence twice – just after Movant's sentencing hearing and then a couple of days later when he met with Movant. Movant instructed Mr. Desautels that he did not wish to appeal the District Court's proceedings, and Mr. Desautels related his understanding in this regard to Movant in his letter accompanying the Judgment and Commitment Order. Circumstances clearly made it unlikely that an appeal would be successful. First, Movant pled guilty to the charges contained in Count One of the Indictment, violation of 21 U.S.C. § 841(a)(1) by possessing more than fifty grams of methamphetamine. Second, though the Office of Probation found in the Presentence Investigation Report that Movant's Base Offense Level was 26 and a two level enhancement was in order for his possession of a firearm, that Movant qualified for a three level decrease for acceptance of responsibility, and that he was subject to the statutory mandatory minimum sentence of 120 months under 21 U.S.C. § 841(b) and did not qualify for U.S.S.G. § 5C1.2(a) safety valve treatment because of his possession of the firearm, the District Court determined at sentencing that the firearm enhancement and the safety valve applied and sentenced Movant at the top of the Offense Level 23,

Criminal History Category I range to 57 months in prison, an excellent result in view of the Office of Probation's finding. Clearly, based upon the record, Movant's claim that Mr. Desautels was ineffective in representing him in failing to take an appeal of his conviction and sentence is without merit.

## **PROPOSAL AND RECOMMENDATION**

Accordingly, the undersigned hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court also **DENY** Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody as amended (Document Nos. 56 and 65.) to the extent that Movant's Motion is based upon his claim that his trial attorney, Mr. Desautels, was ineffective in representing him in failing to take an appeal of his conviction and sentence, **DISMISS** this matter and remove it from the District Court's docket.

The parties are notified that this Supplemental Proposed Findings and Recommendation are hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(a), Federal Rules of Civil Procedure, the parties shall have three days (mailing/service) and then ten days (filing of objections), for a total of thirteen days from the date of filing this Supplemental Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Supplemental Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.

Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served upon the presiding United States District Judge, Judge Faber, and this Magistrate Judge.

The Clerk is requested to mail a copy of this Supplemental Proposed Findings and Recommendation to Movant, who is acting *pro* se, at his current address as the Court has learned it through the Office of Probation – 602 Grouse Ridge Road, Post Office Box 162, Max Meadows, Virginia 24360, and transmit a copy to counsel of record.

Date: February 5, 2009.

*[signature]*
R. Clarke VanDervort
United States Magistrate Judge